FILED
2024 Nov-05 AM 08:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 5:24-cv-1152-LCB** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Defendant Lincoln National Life Insurance Company ("Lincoln") filed on October 24, 2024, a *Stipulation for Dismissal of Counterclaim* under Federal Rule of Civil Procedure 41. (Doc. 12). The filing stipulates to the dismissal *without* prejudice of Lincoln's Counterclaim against Plaintiff Robert Evans as well as Evans's agreement not to "pursue any costs or attorneys' fees against Lincoln pertaining to Lincoln's counterclaim." (*Id.*).

Parties may dismiss a counterclaim, crossclaim, or third-party claim voluntarily by filing a stipulation of dismissal signed by all parties who have appeared, except in suits involving class or derivative actions, unincorporated associations, and receiverships, or where voluntary dismissal is subject to an applicable federal statute. Fed. R. Civ. P. 41(a)(1)(A)(ii), (c). None of these exceptions apply in this case. Additionally, such stipulation is permissible only "(1)

before a responsive pleading is served; or (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial." Fed. R. Civ. P. 41 (c). Here, no pleading responsive to the Lincoln's Counterclaim had been served nor had any evidence been introduced at a hearing or trial. Therefore, because the stipulation of dismissal is signed by all parties who have appeared, Lincoln's Counterclaim, (Doc. 5), was due to be dismissed without prejudice immediately upon filing of the stipulation. *Love v. Wal-Mart Stores, Inc.*, 865 F.3d 1322, 1325 (11th Cir. 2017) (holding that a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is "self-executing").

Lincoln's Counterclaim against Evans is hereby **DISMISSED WITHOUT PREJUDICE**. As such, Evans's *Motion to Dismiss or Strike Defendant Lincoln National Life Insurance Company's Counterclaim*, (Doc. 10), is deemed **MOOT**.

**DONE** and **ORDERED** November 4, 2024.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE